AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District SOUTHERN DISTRICT OF FLORIDA | |
|---|---|---|
| Name of Movant CARLOS CARBALLOSA | Prisoner No. 41874-004 | Case No. 90-6062-CR-ZLOCH |
| Place of Confinement COLEMAN "LOW", FLORIDA | | |

| UNITED STATES OF AMERICA | V. | CARLOS CARBALLOSA (name under which convicted) |
|---|---|---|

## MOTION

1. Name and location of court which entered the judgment of conviction under attack ___IN FORT LAUDERDALE,

BROWARD COUNTY, FLORIDA

2. Date of judgment of conviction ___AUGUST 30, 1991

3. Length of sentence___ 151 MONTHS

4. Nature of offense involved (all counts) ___CONSPIRACY TO POSSESS WITH INTENT TO

DISTRIBUTE;   CONSPIRACY TO IMPORT;   ATTEMPT TO POSSESS WITH

INTENT TO DISTRIBUTE.


5. What was your plea? (Check one)
   (a) Not guilty        ☐
   (b) Guilty            ☒
   (c) Nolo contendere   ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   IN THE PLEA AGREEMENT, GOVERNMENT AGREED TO DISMISS THE LAST TWO

   CHARGE NAMED ABOVE.


6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury        ☐
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

    (a) Name of court _____

    (b) Result _____

    (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

       (2) Nature of proceeding _____

       _____

       (3) Grounds raised _____

       _____

       _____

       _____

       _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
         Yes ☐ No ☐

       (5) Result _____

       (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

       (1) Name of court _____

       (2) Nature of proceeding _____

       _____

       (3) Grounds raised _____

       _____

       _____

       _____

       _____

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result_____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.          Yes ☐ No ☐
(2) Second petition, etc.      Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: INEFFECTIVE ASSISTANCE OF COUNSEL IN SENTENCING HEARING AND FAILURE TO FILE APPEAL.

Supporting FACTS (state *briefly* without citing cases or law) COUNSEL FAILED TO DISPUTE THE QUANTITY OF DRUGS FOR SENTENCING PURPOSES WHEN PLEA AGREEMENT HAD BEEN UNDERSTOOD AS SUCH. MOVANT ASKED TO HIS LAWYER TO FILE AN APPEAL FOR SENTENCE, AND LAWYER FAILED TO DO SO.

B. Ground two: DISTRICT COURT ERRED IN CALCULATING DEFENDANT'S SENTENCE AND COURT FAILED TO FULFILL ITS AFFIRMATIVE DUTY TO INSURE THAT DEFENDANT READ AND DISCUSSED THE PSI.

Supporting FACTS (state *briefly* without citing cases or law): MOVANT WAS PUNISHED FOR A QUANTITY OF DRUGS THAT HE NEVER PLANNED FOR. COURT FAILED TO MAKE SUFFICIENTLY SPECIFIC FINDING OF ESTIMATION AS TO THE QUANTITY OF DRUGS FORESEE-ABLE BY THE DEFENDANT. CARBALLOSA NEVER DISCUSSED THE CONTENTS OF THE PSI UNTIL SENTENCING HEARING.

C. Ground three: ENTRAPMENT FOR SENTENCING PURPOSES WITH REVERSE STING OPERATIONS.

Supporting FACTS (state *briefly* without citing cases or law): ALTHOUGH MOVANT HAD THE INTENT TO PURCHASE A CERTAIN AMOUNT OF DRUG, IF HE DOES NOT HAVE THE ABILITY TO DO SO, THE COURT MUST NOT HOLD THE MOVANT RESPONSIBLE FOR THE LARGE AMOUNT, SIMPLY BECAUSE THE GOVERNMENT TRIES TO ENHANCE HIS SENTENCE BASED UPON NEGOTIATED DRUGS AMOUNTS.

AO 243 (Rev. 5/85)

D. Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

THE FACTS SUPPORTING THE ABOVE GROUNDS COULD HAVE BEEN DISCOVERED
THROUGH THE EXERCISE OF DUE DILIGENCE.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing ___ JOEL DE FABIO _____

JORGE PEREZ-GURRI

(b) At arraignment and plea ___ JAY MOSKOWITZ _____
3225 AVIATION AVE. COCONUT GROVE, FL. 33133

(c) At trial _____

(d) At sentencing _____ JAY MOSKOWITZ _____

AO 243 (Rev. 5/85)

(e) On appeal_____

_____

(f) In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)
PRO SE

I declare under penalty of perjury that the foregoing is true and correct. Executed on

March 25, 1997.
_____
(date)

_____
Signature of Movant

Carlos   Carballosa

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,        )
                                 )
          Respondent,            )
                                 )
vs.                              )  Case No:   90-6062-CR-Zloch
                                 )
                                 )
CARLOS CARBALLOSA,               )
                                 )
          Movant.                )
                                 )
_____  )

MOTION UNDER U.S.C. §2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE BY A PERSON
IN FEDERAL CUSTODY

_____

     Comes Now, Carlos Carballosa, pro se and in forma pauperis,
and respectfully files this motion under 28 U.S.C. §2255 to vacate,
set aside, or correct sentence and in support thereof would state
the followings:

### FACTUAL ASSERTIONS

1.   The movant was arrested on March 30, 1990 with conspiracy to
     possess with intent to distribute, attempt to possess and
     conspiracy to import a controlled substance.

2.   The movant pleaded guilty to conspiracy to posses with intent
     to distribute cocaine on June 18, 1991.

3.   In the plea agreement, the government agreed to dismiss the

1

rest of counts.

4. Counsel for the defendant Carballosa failed to file an appeal on time.

## ISSUES PRESENTED

I. INEFFECTIVE ASSISTANCE OF COUNSEL IN SENTENCING HEARING AND COUNSEL FAILED TO FILE AN APPEAL.

During the plea agreement, counsel advised to Carballosa that he was not precluded from disputing the quantity of drugs for sentencing purposes. (Transcript of Plea Agreement, June 18, 1991, page 16-16). So Carballosa pleaded guilty with the understanding that the quantity of drugs was not defined for 53 kilos of cocaine. Carballosa was discussing about the applicability of the minimum mandatory because the elements of the offense which he pleaded guilty did not state how much cocaine was involved. (Transcript, pages 11,12). He pled guilty but he was concerned this issue for sentencing purpose. When counsel, during the plea agreement, stated that he was not agreeing that it was more than five kilograms, the government understood that as well. (Page 14, 11-12-13 of the transcript).

The government recognized clearly the intention of defendant's counsel to challenge the 53 kilos, and government stated that the plea agreement at any time binds the defendant as to specific number. Government stated that defendant's counsel had the right to challenge it at a presentence investigation hearing prior to the sentence. (Transcript, page 14). Then, Carballosa pleaded guilty under this understanding.

2

The failure comes in sentencing, when counsel failed to file motion or to object to the presentence investigation report alleging that Carballosa was unreasonably foreseeable to produce 53 kilos. Counsel failed to comply with his promise from disputing the quantity of drugs for sentencing purposes; such promise was said in court to the understanding of the defendant. Counsel advised to Carballosa plead guilty and would dispute the quantity in sentencing as relevant conduct in determining the term of confinement that would be imposed upon him by the court.

Counsel failed to object to the presentence investigation report as to guideline computation. Certainly, Carballosa in response to one of the court's question, about how much cocaine was involved, he responsed 53 kilos, because it was true that 53 kilos were involved in the transaction, but counsel failed to object that issue. Obviously, the transaction was for 53 kilos, but cousel failed to file motion or object to the findings foreseeable by Carballosa.

When construing plea agreement, court looks to what defendant reasonably understood when entering his plea. See, United States v. Hand, 913 F. 2d 854, 856 (10th Cir. 1990), and United States v. Border, 992 F. 2d 563, (5th Cir. 1993). In the present case, plea agreement could be understood as intended to invoke five-year statutory maximum sentence. The quantity of drugs was not specified in the counts in the indictment, either in the plea agreement.

Fifth Amendment's Indictment Clause requires that the quantity be contained in an indictment. Also, there was failure to mention in the text of the charge of the plea agreement, the drug quantity. The drug quantity is an essential element of a felony violation

3

of Section 841, which is applicable to sentencing purposes.

The parties contemplated that a motion will be filed disputing the computation level. It is of some significance to note that Carballosa's counsel did not object because in his judgment, "I think Carballosa is meriting some consideration for his manly act in that particular situation." (Sentencing hearing, August 30, 1991, page 16-22). Counsel did not object to the computation made by the probation officer only because Carballosa in response to one of court's question said that the transaction had been in effect for 53 kilos. Counsel failed to object although, certainly the transaction was for 53 kilos, the evidence showed that Carballosa could not produce for such amount for sentencing purposes. His offense level was later revealed to be substantially different from what it was believed to be at the time the plea agreement was entered into.

Counsel failed to file appeal. After sentencing, Carballosa's wife was trying to get contact with the lawyer to file an appeal. All her efforts were unsuccessful. Carballosa never saw his lawyer againt after sentencing and the time to file was expired. "A criminal defendant is entitled to effective assistance of counsel on a first appeal as of right." See, Estes v. United States, 883 F.2d 645, 648 (8th Cir. 1989).

II. DISTRICT COURT ERRED IN CALCULATING DEFENDANT'S SENTENCE AND COURT FAILED TO FULFILL ITS AFFIRMATIVE DUTY TO INSURE THAT HE AND HIS COUNSEL HAD READ AND DISCUSSED THE PSI.

It is essential that a sentencing judge in a narcotics conspiracy makes findings of fact regarding the amount of narcotics

4

reasonable by each defendant, adequate to support the offense level deemed applicable. The District Court failed to make sufficiently specific finding of estimation as to the quantities of drugs foreseeable by the defendant.

Carballosa conspired for less than 5 kilograms of cocaine. The first shipment from Colombia was for two kilos, which were intersected by government. Then, it was two more. The crime could be finished with those kilos, but Carballosa was punished for an amount that he never planned. It was planned by other people. Carballosa recognized that he was guilty, but not like for such an amount. It was planned by the informant as to reduce his own sentence. It could be one kilo, 10 or a hundred, any quantity that the informant and the government wanted on their convenience to close the crime.

The important question to this Court is why the crime was not finished with the first shipment? Why the government seeks more quantity of drugs?

District Court erred in calculating defendant's sentence based on sale of 53 kilos of cocaine because the total amount of money available to defendant to pay drugs or transportation of cocaine was less than amount needed to pay for at the quoted price. If the record shows in Carballosa's case that he did not have enough money to paid, then, the Court must not hold the defendant responsible for the large amount of cocaine.

In United States v. Willard, 909 F. 2d 780, 781 (4th Cir. 1990) "A defendant is not necessarily held responsible at sentencing for the entire criminal conduct of the conspiracy. Rather, he is hold accountable only for the criminal conduct in furtherance of the

5

conspiracy which was 'reasonably foreseeable' by him."

The evidence of Carballosa's case shows that Carballosa's par-ticipation was hold the drugs until the proper owner ordered other thing or picked up the drugs. Carballosa testified to this Court that he was doing a favor for Julio Rojas, the owner. The record showed that any money should be paid to recieve the drug because such drug was not belong to Carballosa. The records from the video-audio-transcript showed the big discussion that Carballosa had with the informant and undercover about of the change produced by go-vernment at the last moment of the transaction, which was produced with no real cocaine.

In <u>United States v. Frazier</u>, 89 F. 3d 1501 (11th Cir. 1996) the Court held that the Florida bait and switch offense of offering to sell drugs, but actually selling a phony substitute, the offense was treated as a mere fraud under Florida law. The defendant here, paid for wax instead of cocaine. In the present case, Carballosa never recieved the real cocaine, then he was sentenced to a quan-tity that he could not produce for and such quantity was not real cocaine.

District Court failed to fulfill its affirmative duty to in-sure that defendant and his cousel had read and discussed the pre-sentence investigation report.

Carballosa was surprised when he found in his PSI that govern-ment recommended a conspiracy for 53 kilos as different from what it was believed to be at the time the plea agreement was entered into. His counsel never discussed this issue with defendant, and Court failed to insure that defendant had discussed with his lawyer the computation recommended in the presentence report.

6

III.   ENTRAPMENT FOR SENTENCING PURPOSES WITH REVERSE STING
       OPERATIONS

Carballosa was arrested as a result of a reverse sting ope-
ration in which government agent arranged to charge him money for
the transportation of the drugs.   This drugs were brought or trans-
ported from the International Airport of Miami.   Carballosa never
could get the drug by himself.   Carballosa did not have accessed
to the Airport to receive the drugs, so the government was acting
as a reverse sting operation.

The District Court acknowledge that the money reasonably
available to Carballosa to pay for transportation fell short of
even the lower quoted price of $2,500 per kilo.   The records shows
that Carballosa did not intend to produce and was not reasonably
capable of producing the negotiated amount of money for this trans-
action.   The records shows that Carballosa did not have enough
money to pay for such transportation.   His sentence must be recal-
culated using a base offense level of 28, rather than 36, to re-
flect a quantity of cocaine less than 53 kilograms according or
regarding to the money that Carballosa was foreseeable to produce.
This correct level of 28, less two (2) point for acceptance of
responsibility, would result in a base offense level of 26, which
is in an imprisonment range of 63-78 months.   The Eighth Circuit
in United States v. Robinson, 22 F. 3d 195 (1994), has clearly
found that even if someone has the intent to purchase a certain
amount of cocaine, "if they do not have the ability to do so,"
the Court will not hold the defendant responsible for the larger
amount of cocaine, simply because the government tries to enhance
their sentence based upon negotiated drug amounts.

7

Cases where there is a reverse sting operations set up by the government, the defendant's intent regarding how much narcotics to purchase may become irrelevant if there is factually not enough support to show that the defendant could actually have purchased a certain amount. In Robinson, the defendant were involved in a reverse sting where they were going to buy kilograms of cocaine from a government agent. The negotiated price was $33,000 for 2 kilograms of cocaine. When the defendants arrived at the meeting place, they only had $27,500. At sentencing, the District Court found that the defendants had the intent to purchase 2 kilograms of cocaine, even though they did not have enough money to do so and based their sentence upon that amount. The Court of Appeals reversed this sentence on appeal. The Court of Appeals found for the defendants stating specifically that "under the circumstances presented here, it is irrelevant that the Robinson's expressed a desire to buy 2 or more kilograms of cocaine. The record shows and the District Court found that the Robinson's did not have enough money to buy two kilograms at the negotiated price." Id. 196. Therefore, the Eighth Circuit clearly found that even if someone has the intent to purchase a certain amount of cocaine, if they do not have the ability to do so, the Court will not hold the defendants responsible for the larger amount..

There was been "an intolerable degree of governmental parti- cipation in the criminal enterprise". The conduct of the agent to delivery 53 kilos by only $48,000 showed that Carballosa was predisposed to commit the offense, but there was entrapment as a matter of law. Law enforcement tactics such as this can hardly be said to violate "fundamental fairness" or "shocking to the universal sense of justice," mandated by the Due Process Clause

8

of the Fifth Amendment. The 53 kilos could not have been obtained
without the government's intervention. Carballosa did not have
way or form to pick up the drug from the airport. This type of
governmental conduct constitutes entrapment under any definition.

In United States v. Castaneda, 94 F. 3d 592 (9th Cir. 1996)
relying on United States v. Naranjo, 52 F. 3d 245 (9th Cir. 1995),
The Ninth Circuit held that sentencing entrapment may reduce a
defendant's sentence below the mandatory minimum. Sentencing en-
trapment or sentence factor manipulation occurs when a defendant,
although predisposed to commit a minor or lesser offense, is en-
trapped in committing a greater offense subject to a greater pu-
nishment.

The crime that Carballosa committed could have finished with
the first shipment of two (2) kilograms, but the government inter-
dicted the shipment and continued participating in the criminal
interprise to get more drugs for sentencing purposes. The facts
in this case amply demonstrate that the cocaine arrived to the
airport could not have been obtained by Carballosa at any time.

## CONCLUSION

Carballosa has presented issues which are related with each
other. These issues present a constitutional magnitude.

WHEREFORE, Carballosa prays that this Honorable Court grant
him all relief to which he may be entitled in this proceeding.

FCC Coleman,FL.                    Respectfully submitted,
March 25, 1997.


                                   Carlos Carballosa
                                   Carlos Carballosa, Pro se.

9

CERTIFICATE OF SERVICE

I Hereby Certify that I have this date forwarded a true
and correct two copies of the foregoing to the Clerk of the United
States District Court for the Southern District of Florida at 299
East Broward Blvd., Fort Lauderdale, Florida, 33301; on this 25th day
of  March                , 1997.

I declare under penalty of perjury that the foregoing is true
and correct.

Respectfully submitted,

Carlos Carballosa, Pro se
41874-004  Unit A-1
Coleman Low
P.O.Box 879
Coleman, Florida. 33521

10